HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PORT OF VANCOUVER, USA,

           Plaintiff,

   v.

PACIFIC COAST SHREDDING LLC, et al.,

           Defendants.

CASE NO. C17-5571RBL

ORDER ON MOTION FOR PRE- AND POST-JUDGMENT INTEREST

THIS MATTER is before the Court on the Port of Vancouver's Motion [Dkt. # 128] for Pre- and Post-Judgment Interest. The Port claims that its claim for the cost of dock repairs was liquidated and that it is entitled to pre-judgment interest at the 12% Washington statutory rate.

The Port seeks interest to compensate it for the "use value" of the money it paid, from the date(s) of its "loss"—2012 and 2013. It argues that a dispute over the validity of a claim does not change its liquidated nature.

Metro Metals argues that the Port's claim was not "liquidated" until this Court determined on summary judgment that Metro damaged the dock and was contractually obligated to pay for the repairs. It argues that because the Court did not determine that the amounts the Port paid were reasonable until that time, the claim to recover those amounts was not liquidated.

It opposes any award of pre-judgment interest. It argues that the scope of the work to be performed was (and is) disputed, because some of the work was either not required or was an upgrade. It claims that only $300,000 of the roughly $1.5 million that was spent was directly attributable to Metro's scrap metal operations. Metro argues that where damage calculations require discretion, the sum is not liquidated.

Metro argues alternatively (and more persuasively) that the Port is not entitled to prejudgment interest for the period it waited between incurring the costs and demanding payment from its tenant—October 2016.

Under Washington law, a liquidated claim is "one where the amount of the claim is determinable by a fixed standard, without reliance on opinion or discretion." *Douglas Northwest, Inc. v. Bill O'Brien & Sons Constr., Inc.*, 64 Wn. App. 661, 690, 828 P.2d 565 (1992). Under Washington law, prejudgment is allowable: (1) when an amount claimed is "liquidated" or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money, and the amount due is determinable by computation with reliance to a fixed standard contained in the contract without reference to opinion or discretion. *See Litho Color, Inc. v. Pacific Employers Ins. Co.*, 98 Wash. App. 286, 300–301 (1999). A "liquidated" claim is a claim "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Engineering Co.,* 74 Wash.2d 25, 32, 442 P.2d 621 (1968) (citing C. McCormick, *Damages* § 54 (Hornbook Series) (1935)). A dispute over the claim, in whole or in part, does not change the character of a liquidated claim to unliquidated. *Id* at 33.

The Port sought bids, hired contractors, and repaired the dock. It sought reimbursement for actual, paid invoices, for work that was in fact performed. The amount of those bills—unlike,

for example, lost future earnings potential, or general damages—is fixed and liquidated. The Court did not use its discretion to determine how much the Port paid; it determined that the contract required Metro to repair the dock and it did not do so. The fact that Metro disputed the Port's right to recover the cost and disputed the scope of the work required does not change the liquidated nature of the Port's claim.

But that is not the end of the inquiry. The purpose of awarding prejudgment interest is to compensate the plaintiff for the use value of the money representing liquidated or determinable damages. It is not a penalty imposed on a defendant for wrongdoing, and its purpose is not to deter wrongdoing. *Hansen v. Rothaus*, 107 Wash. 2d 468, 475, 730 P.2d 662, 666 (1986).

The Port spent the money in 2012 and 2013, but did not seek reimbursement until 2016. At Washington's (unrealistic) 12% pre-judgment interest rate, the Port seeks almost as much in pre-judgment interest ($1,289,708.27) as it sought as principal ($1,558,141.46). And it seeks post-judgment interest on that new "principal" amount ($2,874,709.03) at the Washington, rather than the federal, rate, or $945.11 per day.

Such an award in no way would compensate the Port for use of money it "lost"—either of these parties could certainly borrow the amounts at issue at far less than 12% annual interest. It would be grossly unfair to allow the principal to grow at 12% per year for four years before the Port even asked Metro to pay it back. Whether this is a laches[1] sort of analysis, or just one of fundamental fairness, the Court will not award prejudgment interest between the dates the bills were paid and the date the Port demanded that Metro pay it back (October 13, 2016). It will award prejudgment interest at the Washington statutory rate from that date through the date of the Court's judgment.

---

[1] The Supreme Court has recognized that equitable considerations such as laches can bar an otherwise valid interest claim. *See West Virginia v. United States*, 479 U.S. 305, n. 3 (1987), citing *Board of Comm'rs of Jackson County v. United States*, 308 U.S. 343, 352 (1939).

Finally, federal judgments earn post-judgment interest at the federal interest rate, which is closer to 2.5% (though it fluctuates). The Port shall provide a proposed revised judgment consistent with this Order, calculating the pre-judgment interest from October 13, 2016, and ascertain the proper federal post-judgment interest rate, as of the date of the Court's initial judgment.

The Port's Motion for pre- and post-judgment interest [Dkt. # 128] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 30th day of December, 2019.

Ronald B. Leighton
United States District Judge

ORDER ON MOTION FOR PRE- AND POST-
JUDGMENT INTEREST - 4