UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PORT OF VANCOUVER, USA<br><br>　　　　　Plaintiff,<br><br>V.<br><br>PACIFIC COAST SHREDDING LLC<br><br>　　　　　Defendants. | CASE NO. 3:17-CV-5571-RSL<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

This matter has been referred to United States Magistrate Judge David W. Christel to conduct a Settlement Conference. Accordingly, **IT IS HEREBY ORDERED** that a Settlement Conference is set to take place on January 11, 2021 before United States Magistrate Judge David W. Christel, via Zoom.

**IT IS FURTHER ORDERED:**

1.　　Each party and their counsel shall come to the Settlement Conference prepared with a reasonable plan to resolve and fully settle and are expected to participate in the Settlement Conference with a mindset, attitude and creative approach of being problem solvers.

ORDER SETTING SETTLEMENT CONFERENCE
- 1

2. Counsel for each party (and the party if so desired) shall separately confer with the undersigned by telephone prior to the Settlement Conference and be prepared to discuss the items set forth on Attachment "A," including:

    A. a candid summation of its assessment of the strengths of its case and the strengths of the opposing party's case,

    B. a review of the facts, provable damages, assessment of its probability or prevailing on any disputed facts and on any rulings of law, and a brief discussion of any legal authority which the party contends would enhance its position at trial,

    C. the specific reasons why the case should settle, and

    D. a history of any past negotiations.

3. All parties shall be personally present at the Settlement Conference and must be represented by lead or chief counsel authorized to participate in settlement negotiations. In the case of businesses, corporations, governmental entities, etc., a representative for every party with full settlement authority must be personally present at the Settlement Conference. If any of the parties are appearing or defending the action under an insurance agreement, an insurance company/risk pool representative fully authorized to settle the case must be personally present at the Settlement Conference. In sum, all parties in this matter necessary to conduct an effective Settlement Conference shall be personally represented by someone in attendance at the Settlement Conference with full settlement authority.

4. All information provided to and communications with the settlement judge shall be held in confidence unless the party providing it authorizes its disclosure. All written material submitted will be returned to the submitting party or shredded upon termination of the settlement proceedings.

ORDER SETTING SETTLEMENT CONFERENCE
- 2

5. All oral statements, written documents, or other materials considered during the settlement procedure shall be held in confidence and may not be used in any way against any party to this litigation.

6. None of the matters or information discussed during the conference will be communicated to the trial judge.

Dated this 14th day of December, 2020.

David W. Christel
United States Magistrate Judge

ORDER SETTING SETTLEMENT CONFERENCE
- 3

**ATTACHMENT "A"**
Settlement Conference QUESTIONNAIRE

1. Statement of facts pertinent to settlement.

2. Plaintiff(s)' theories of recovery (if not obvious).

3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

4. Damages - Plaintiff(s) should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List any special and general damages separately. Defendant(s) should list what is claimed to be a reasonable amount where items are contested.

5. Summarize the bona fide disputes regarding damages.

6. Weaknesses.

7. Plaintiff(s)' evaluation of fair settlement. $_____.

8. Defendant(s)' evaluation of fair settlement. $_____.

9. If Plaintiff(s) recover a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?

10. Are there viable sources from whom Defendant(s) may seek contribution?

11. Do you feel the other party has negotiated in good faith?

12. Does either party know of any other factors which may impact these negotiations?

13. Do client and attorney agree on the settlement value?

14. Are there any factors not readily apparent which could hamper settlement negotiations?

15. State your opinion as to the bona fide chance for settlement in this matter.

16. Are there legal questions which effectively bar serious settlement negotiations?

Expenses of litigation:

To date: $_____
Estimate of present to conclusion: $_____

ORDER SETTING SETTLEMENT CONFERENCE
- 5